ORIGINAL

FILED

06/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0291

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0291

ALOYSIUS DENNIS BLACKCROW,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

JUN 21 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Aloysius Dennis Blackcrow petitions this Court for habeas corpus relief and includes several attachments. He asserts that an improper parole revocation occurred, "without strict adherence to outlined Montana statutes." He has since filed a supporting affidavit.

Blackcrow explains that on June 18, 2021, his parole officer issued an arrest warrant, following Blackcrow's involvement in a single vehicle accident where alcohol and illegal drugs were found in the vehicle. Blackcrow states that he was arrested on July 7, 2021, for felony criminal possession of dangerous drugs and felony theft. Blackcrow states that bail was set at $25,000 and that he had a preliminary hearing set for July 19, 2021. Blackcrow provides that on February 17, 2022, the Lake County District Court held a hearing on his counsel's motion to dismiss, alleging a violation of § 46-10-105, MCA. Blackcrow includes a copy of the court's order, dismissing his underlying criminal case because no preliminary hearing was held.

Blackcrow now requests reinstatement of his parole. Blackcrow contends that his parole was improperly revoked because "the Lake County Probation and Parole Office did not adhere to the strict outlined Montana statutes." Blackcrow points out that he was held on two arrest warrants without any probable cause determination. He argues that he was in the Lake County Jail for eight months and at no time did he have an initial hearing

concerning his parole status or alleged violations. Blackcrow states that it was not until February 22, 2022, after his charges were dismissed, that he had the on-site hearing to determine probable cause. He argues that this flies in the face of the required 72 hours, pursuant to § 46-23-1023(4), MCA. He contends that his parole officer and the Lake County Attorney lied under oath during his court proceeding. He also puts forth that his violations were "exaggerated" or "inflated" as an act of reprisal.

Blackcrow tries to argue that dismissal of his underlying criminal case and the failure to have a timely initial hearing concerning his alleged parole violations have prejudiced him. Under Montana law, when a parolee commits a new offense, the parolee is not entitled to an initial hearing within 72 hours or five days of arrest. *See* §§ 46-23-1023(4), MCA, -1024(2), MCA. Section 46-23-1023(3), MCA, concerning arrest of an alleged parole violator, provides that "[p]ending a hearing, as provided in **46-23-1024** and **46-23-1025**, upon any charge of violation the parolee may, if circumstances warrant, be incarcerated in the institution." (Emphasis in original). Pursuant to Montana statutes, while not in prison, Blackcrow was held or detained in jail "upon any charge of violation . . . ." Section 46-23-1023(4), MCA. Blackcrow has not advanced any law to support a claim of prejudice.

Blackcrow has not demonstrated illegal incarceration necessary for the remedy of habeas corpus relief. Section 46-22-101(1), MCA. In 2021, as a parolee, new criminal charges were filed against him. Blackcrow was not entitled to an on-site, initial hearing to determine probable cause, pursuant to § 46-23-1024(1)(b), MCA, as the District Court correctly pointed out in its dismissal order. While Blackcrow's hearing was delayed by his criminal case, he has not shown any prejudice because Blackcrow received relief in the District Court. Even though the court dismissed the criminal case, reasons existed for the Board to revoke parole.

Blackcrow's attached Report of Violation speaks for itself. Blackcrow was paroled on June 23, 2020, and he was complying until October 2020. In October 2020, Blackcrow tested positive for methamphetamine, and his parole officer increased reporting requirements as well as increased urine analysis tests for alcohol and drugs. The Report

2

outlines his increased drug and alcohol use as well as his inability to abide by parole conditions. The Report contains five violations, including the two dismissed felonies, and recommends parole revocation because he "is a danger to the community, and unable to abide by the laws, he creates more victims, and is not appropriate for community supervision."

Blackcrow attaches copies of his grievances to the Board of Pardons and Parole (Board) concerning an appeal or reconsideration of his parole revocation. We have stated before that the Board has broad statutory authority to consider even dismissed criminal counts along with other evidence. *McDermott v. McDonald*, 2001 MT 89, ¶¶ 20-21, 305 Mont. 166, 24 P.3d 200. The Board denied his request for reconsideration twice, explaining that evidence is required for reconsideration. The Board also stated that: Blackcrow has "not shown the [Board] relied on false information to revoke [his] parole." The Board's written responses support this conclusion of parole revocation.

Blackcrow is not entitled to reinstatement of parole. Accordingly,

IT IS ORDERED that Blackcrow's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Aloysius D. Blackcrow personally.

DATED this 21st day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3